```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

ADVOCATE CAPITAL, INC.,          )
                                 )
       Plaintiff,                )
                                 )
v.                               )    3:06-0847
                                 )    Judge Echols
LAW OFFICE OF A. CLARK CONE,     )
P.A., A. CLARK CONE and          )
TAYA CONE,                       )
                                 )
       Defendants.               )
```

## MEMORANDUM

Pending before the Court is Plaintiff Advocate Capital Inc.'s Motion for Summary Judgment or for an Order Striking Defendants' Pleadings (Docket Entry No. 43), to which Defendants have not responded.

### I. FACTS

The record reflects the following to be the relevant facts. Advocate Capital is in the business of loaning operating funds to law firms representing plaintiffs in contingency cases so that the firms can pay the plaintiffs' legal expenses in preparing the case for trial.

On August 2, 2002, the Law Office of A. Clark Cone, P.A. (the "Law Office"), as borrower, and A. Clark Cone, as guarantor, entered into a Master Loan and Security Agreement with Advocate Capital. Those same parties, along with Taya Cone, as an additional guarantor, entered into an Amended and Restated Master Loan and Security Agreement on August 2, 2005. A. Clark Cone also entered into a separate Guarantee with Advocate Capital on August

1

2, 2002, as did Taya Cone on September 28, 2004. These documents represent the agreement between the parties (collectively "the Agreements").

Advocate Capital disbursed funds to the Defendants pursuant to the Agreements. While Defendants made some interest payments, they did not make principal payments, or pay additional interest, fees and charges. All of the obligations under the Agreements became fully due and payable on August 2, 2006.

Because Defendants failed to pay the outstanding obligations due on maturity, Advocate Capital deemed the Defendants in default and wrote a formal demand letter to the Law Office on August 11, 2006. This was followed up by a letter dated August 14, 2006, which noted that as a result of the default, Advocate Capital had a right to immediate possession of the collateral securing the loan, including accounts receivable and rights to payment for legal and other services.

Despite such letters, Defendants did not pay their obligations under the Agreements which prompted Advocate Capital to file suit. Shortly after the Complaint was filed, Advocate Capital filed an Application for Preliminary Injunction and to Turn Over Collateral (Docket Entry No. 5). After a hearing, this Court denied the Application because, while Advocate Capital had established a likelihood of success on the merits, it had not shown that the accounts receivable or other collateral were being dissipated (Docket Entry No. 31).

As the case progressed, Advocate Capital served discovery on Defendants, including Requests for Admissions. Defendants did not respond to the discovery requests. The Requests for Admissions asked Defendants to admit (among other things) that they entered into the Agreements; the Agreements are enforceable and valid; Advocate Capital disbursed funds pursuant to the Agreements; all obligations under the Agreements became due and payable on August 2, 2006; funds advanced under the Agreements were not repaid; Advocate Capital held a valid, security interest in collateral including, accounts receivable, intangibles and rights to payment of the Law Office; and that as of December 21, 2006, Defendants owed Advocate Capital $367,123.34, plus collection costs and attorney's fees.

According to the Declaration of Advocate Capital's President, Paul B. Meyers, as of March 31, 2007, Defendants owed Advocate Capital the principal amount of $325,000.00 plus interest in the amount of $51,345.58. Additionally, Advocate Capital has incurred collection costs, including attorney's fees and expenses, in the amount of $22,688.31.

## II. **STANDARD OF REVIEW**

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of

3

Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. APPLICATION OF LAW

Advocate Capital seeks summary judgment in accordance with the Agreements whereby it will be awarded payment of the unpaid funds advanced, together with collection costs and attorney's fees. It also seeks possession of the collateral which secured the funds

4

advanced.[1] The materials supplied by Advocate Capital, together with Defendants' failure to respond to Advocate Capital's Requests for Admissions and Advocate Capital's Statement of Undisputed Material Facts conclusively establish that summary judgment is appropriate.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, a party may serve requests for admissions. If the opposing party does not answer these requests, the "matter is deemed admitted," unless an objection is made. Fed. R. Civ. P. 36(b). "A party's failure to respond to a request for admissions under Rule 36 may result in a material fact being deemed admitted and subject the party to an adverse grant of summary judgment." In re Rivera, 2007 WL 1110749 at *4 (Bktcy. N.D. Ohio 2007).

Furthermore, this Court's Local Rules require a party moving for summary judgment to provide a concise statement of material facts which it deems not to be in dispute. L.R. 56.01(b). The party opposing the motion is required to respond to the statement of undisputed facts. L.R. 56.01(c). "Failure to respond to a moving party's statement of facts . . . shall indicate that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.01(g).

---

[1] As an alternative, Advocate Capital seeks to strike the pleadings which have been filed because A. Clark Cone, a Florida attorney, who represents all of the Defendants, has wholly failed to comply with this Court's rules and Orders entered by the Magistrate Judge (Docket Entry Nos. 33, 38, 42 and 47) relating to securing local counsel. Given this Court's decision to grant summary judgment, the alternative request to strike will be denied.

5

In light of Defendants' failure to respond either to Advocate Capital's Requests for Admissions or its Statement of Undisputed Material Facts, Advocate Capital has established the following:

- Defendants entered into loan agreements and guaranties with Advocate Capital;
- Advocate Capital disbursed funds to the Law Office pursuant to the loan agreement;
- all of the Defendants breached their agreements with Advocate Capital;
- all of the Defendants' obligations have matured and become fully due and payable;
- there are no defenses to the enforcement of the loan agreement and guaranties;
- Defendants owe Advocate Capital $399,033.89;
- Advocate Capital holds a valid, properly perfected, and unavoidable security interest in certain specified Collateral ("the Collateral"), to wit, (a) the accounts, general intangibles, payment intangibles, and all similar rights that the Law Office may have of every nature and kind, including specifically and without limitation, all of the Law Office's rights to receive payment or otherwise, for legal and other services rendered and to be rendered, for costs and expenses advanced and to be advanced, and all other rights and interest that the Law Office may have in and with respect to each

and every undertaking and/or engagement for legal and other services performed or to be performed by the Law Office or by the Law Office's attorneys and non-attorney personnel; (b) all of the Law Office's credits, monies and properties in Advocate Capital's possession or control; (c) rights under life insurance and other policies of insurance with respect to A. Clark Cone or Taya Cone; and (d) any and all substitutions therefore, replacements and proceeds thereof and all supporting obligations with respect thereto.

- the Law Office has Advocate Capital's Collateral but is not turning that Collateral over to Advocate Capital;
- the Collateral is dissipating; and
- Defendants do not have unencumbered assets with which to pay the amounts owed Advocate Capital.

Given the admissions, it is clear that Defendants are jointly and severally liable to Advocate Capital in the amount of $399,033.89. Under the Agreements, the failure to pay all obligations upon maturity constitutes an event of default for which the Defendants are jointly and severally liable. Through their respective guaranties, A. Clark Cone and Taya Cone unconditionally guaranteed the prompt and punctual payment and satisfaction of all obligations of the Law Office to Advocate Capital. Nevertheless, Defendants did not pay all sums due and owing upon maturity of the

7

Agreements, meaning that Advocate Capital was entitled to demand payment in full of all obligations, including principal, interest, collections expenses and attorney's fees. The total of all obligations, including principal, interest, costs, expenses, other charges and attorney's fees that Defendants owe Advocate Capital is $399,033.89.

Additionally, in the event of default, the Agreements require Defendants immediately to turn over the Collateral to Advocate Capital. Pursuant to the Agreements, Advocate Capital is entitled to all rights and remedies available to a secured party under the Uniform Commercial Code ("UCC"). The Agreements are governed by Tennessee law. Under Tennessee's codification of the UCC, upon the event of default, a secured party "may take any proceeds to which the secured party is entitled[.]" T.C.A. § 47-9-607(a)(2). Additionally, a secured party "may take possession of the collateral[.]" T.C.A. § 47-9-609. Accordingly, under both the Agreements themselves, and Tennessee's codification of the UCC, Advocate Capital is entitled to take possession of the Collateral, which includes all proceeds of all of the Law Office's accounts, general intangibles, payment intangibles and other similar rights to receive payment for services rendered and to be rendered. Because Advocate Capital is entitled to possession of the Collateral and proceeds of the Collateral, Defendants will be directed to turn over all the Collateral to Advocate Capital and Defendants will be prohibited from retaining, using or otherwise disposing of the Collateral.

## IV. CONCLUSION

On the basis of the foregoing, Advocate Capital Inc.'s Motion for Summary Judgment or for an Order Striking Defendants' Pleadings (Docket Entry No. 43) will be granted in part and denied in part. The Motion will be granted insofar as Advocate Capital seeks summary judgment, but denied insofar as Advocate Capital moves to strike Defendants' pleadings.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

9

Case 3:06-cv-00847   Document 52   Filed 06/19/07   Page 9 of 9 PageID #: 381